UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-22716-Civ-Cooke/Bandstra

TORREY L. MACKEY,

    Plaintiff

vs.

MIAMI-DADE CORRECTIONS &
REHABILITATION DEPARTMENT, *et al.*

    Defendants.
_____/

**ORDER DISMISSING DEFENDANT MIAMI-DADE CORRECTIONS &
REHABILITATION DEPARTMENT, AND ORDERING PLAINTIFF TO FILE
SUMMONS FOR THE REMAINING DEFENDANTS**

THIS MATTER is before me on the Plaintiff's Amended Complaint (ECF No. 7). For the reasons explained in this Order, the Plaintiff's Amended Complaint against Miami-Dade Corrections & Rehabilitation is dismissed. The Plaintiff is also ordered to file a summons for the remaining Defendants.

The Plaintiff, Torrey L. Mackey, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983 against the Miami-Dade Corrections and Rehabilitation Department, Officers Joe Torres, Jr. and Marty Williams, and Sergeant Jan Smith. (Am. Compl., ECF No. 7). The Plaintiff alleges that on August 1, 2006, while being held at the Pre Trial Detention Center in Miami-Dade County, the three corrections officers named in the Amended Complaint used excessive force against him that caused permanent injuries, including nerve damage to his lumbar area. (*Id.* at 3). The Plaintiff alleges that, among other physical force used, he was kicked by one of the officers. (*Id.*).

A. **Claims Against Miami-Dade Corrections & Rehabilitation Department**

In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii).

The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Plaintiff's Complaint was previously dismissed for failure to state a claim against Miami-Dade Corrections and Rehabilitation Department (MDCRD). (Order Dismissing Compl., ECF No. 4). As explained in that Order, municipalities and other local government entities are subject to liability under 42 U.S.C. § 1983, and may be "sued directly under [section] 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A municipality or other local government entity "cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [section] 1983 on a *respondeat superior* theory." *Id.* at 691.

The Plaintiff, in his Amended Complaint, has once again named the MDCRD as a defendant in this action. Since the MDCRD is an entity of Miami-Dade County, in order to sufficiently plead a section 1983 claim against it, the Plaintiff must assert that a constitutional deprivation resulted from a custom, policy, or practice of the Department. *Wideman*, 826 F.2d at

2

1032. The Amended Complaint contains no allegations involving the MDCRD, nor any allegations that a policy or custom was the moving force behind the alleged constitutional deprivation. (*See* Am. Compl. 2-3). Therefore, the MDCRD may not be held liable and the action against it is dismissed.

### B. The Plaintiff Must File Summons as to the Remaining Defendants

A plaintiff is responsible for serving all defendants with both a summons and a copy of the complaint within the time permitted under Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(c). Federal Rule of Civil Procedure 4(m) provides:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Prior to the Plaintiff's claim against the remaining Defendants moving forward, the Plaintiff must file a summons, including the names and addresses of the Defendants to be served.[1] Once the Plaintiff has filed the summons, a U.S. marshal will serve the Summons and Amended Complaint to the Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3).

For the reasons explained in this Order, it is **ORDERED and ADJUDGED** as follows:

1. The Plaintiff's Amended Complaint against the Miami-Dade Corrections and Rehabilitation Department must be **DISMISSED** for failure to state a claim upon which relief may be granted. The Plaintiff's Amended Complaint against the individual Defendants remains pending.

---

[1] The summons form can be found at:
http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO440.pdf.

3

2. Within fourteen days of this Order, the Plaintiff must file summonses for each of the individual Defendants, including the names and addresses of the individual Defendants.[2]

3. The Clerk's office is directed to lift the mailing restriction against the Plaintiff (ECF No. 8), as the Plaintiff has verified his mailing address with the Court.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 19th day of November 2010.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Ted E. Bandstra, U.S. Magistrate Judge*

*Counsel of record*

*Torrey L. Mackey*, pro se
1545 N.E. 181 Street
N. Miami Beach, FL 33162

---

[2] The Plaintiff is encouraged to consider the Volunteer Lawyers' Project, through which he may obtain assistance regarding this action. Information about the Volunteer Lawyers' Project is available through the Court's website: http://www.flsd.uscourts.gov (under the tab titled "Attorney Resources").